UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARTINEZ S. AYTCH,

    Plaintiff,

vs.

G. CARPENTER et al.,

    Defendants.

3:15-cv-00623-RCJ-VPC

ORDER

This prisoner civil rights complaint under 42 U.S.C. § 1983 arises out of allegedly inadequate dental care. The Court now screens the Complaint under 28 U.S.C. § 1915A.

I.     **SCREENING STANDARDS**

    A.     **Merits of Claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1)–(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule 12(b)(6), and the court applies the same standard under § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). When a court dismisses a complaint

upon screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or in fact. This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### B.   Exhaustion of Administrative Remedies

"The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)). A prison system's own requirements "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739–40 n.5). Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. The Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

The failure to exhaust administrative remedies as required by § 1997e(a) is an affirmative defense, and a defendant bears the burden of raising and proving that the plaintiff has not exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007).  However, if the affirmative defense of non-exhaustion appears on the face of the complaint, a defendant need not provide evidence showing non-exhaustion. *Id.* at 215; *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).  Where an affirmative defense does not appear on the face of the pleading sought to be dismissed, it cannot be determined until (at least) the summary judgment stage; it cannot be treated as a quasi-summary-judgment matter under Rule 12(b). *Albino v. Baca*, 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)).

## II.  ANALYSIS

The Court dismisses the Complaint without prejudice because the affirmative defense of non-exhaustion appears on the face of the Complaint.  The Nevada Department of Corrections ("NDOC") utilizes a three-stage grievance procedure: an informal grievance, a first level grievance, and a second level grievance. *See* NDOC Admin. Reg. 740 (Inmate Grievance Procedure), at 4–9, available at http://doc.nv.gov/uploadedFiles/docnvgov/content/About/Administrative_Regulations/AR%20740%20-%20091614.pdf.  Plaintiff alleges that he filed an informal grievance on October 15, 2015 based on his tooth pain. (Compl. 3A, ECF No. 1-1).  He filed a first level grievance on December 2, 2015, approximately 60 days later, because he had received no answer to his informal grievance. (*Id.* 3A–3B). [1]  Plaintiff signed the Complaint on December 23, 2015 and filed it on December 28, 2015, having received no answer to his first level grievance. (*Id.* 3B, 9).  It is therefore clear on the face of the Complaint that Plaintiff has not exhausted his administrative remedies.  The response to Plaintiff's first level grievance was

---

[1] A response to an informal grievance is due within 45 days. *See* NDOC Admin. Reg. 740 at 7.

not due until January 16, 2016, weeks after he filed the Complaint.[2] Plaintiff has not alleged having filed a second level grievance, and he cannot have done so consistent with the allegations elsewhere in the Complaint, because he alleges that he received no response to the first level grievance as of the filing of the Complaint, which was before any response was due.

## CONCLUSION

IT IS HEREBY ORDERED that the Application to Proceed in Forma Pauperis (ECF No. 4) is DENIED as moot, and the Complaint is DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

Dated:  This 14th day of June, 2016.

_____
ROBERT C. JONES
United States District Judge

---

[2] A response to a first level grievance is due within 45 days. *See* NDOC Admin. Reg. 740 at 8.